## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## JACKSON, MISSISSIPPI

**MICHAEL W. HINSON AND**
**CAROL C. HINSON**                                         **PLAINTIFFS**

**VS.**



**RANKIN COUNTY, MISSISSIPPI,**
**RANKIN COUNTY SHERIFF DEPARTMENT,**
**SHERIFF RONNIE PENNINGTON, INDIVIDUALLY AND AS**
**SHERIFF OF RANKIN COUNTY, MISSISSIPPI,**
**RANKIN COUNTY JUSTICE COURT SYSTEM, BARRY BEAN,**
**INDIVIDUALLY AND AS CONSTABLE FOR DISTRICT 3 OF**
**RANKIN COUNTY, MISSISSIPPI, JOHN DOES 1-20**          **DEFENDANTS**

---

### JURY TRIAL DEMANDED

---

### COMPLAINT

---

COME NOW the Plaintiffs, Michael W. Hinson and Carol C. Hinson, and file this their

Complaint against Rankin County, Mississippi, Rankin County Sheriff Department, Sheriff

Ronnie Pennington, Individually and as Sheriff of Rankin County, Mississippi, Rankin County

Justice Court System, Barry Bean, Individually and as Constable for District 3 of Rankin County,

Mississippi, and John Does 1-20, whose identities will become known through the discovery

process, and in support thereof would show as follows:

## I. JURISDICTION AND VENUE/ PARTIES

1)      This action arises under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

2)      This Court has federal question jurisdiction under 28 U.S.C. § 1331, 42 U.S.C. § 1983, and 42 U.S.C. § 1985 and its jurisdictional provisions under 42 U.S.C § 1343. Cause of action results from an illegal search and seizure, illegal incarceration for an indirect contempt of court with subsequent arrest and incarceration for said indirect contempt without a hearing on the matter, unreasonable bond for a petty misdemeanor, abuse of process, malicious prosecution, false arrest, intentional and/or negligent infliction of emotional distress, deprivation of civil rights of the Plaintiffs, and conspiracy to deprive the Plaintiffs of their civil rights.

3)      All events occurred and all parties reside in this district and division.

4)      The Plaintiffs bring this action to enjoin Defendants from further violating their civil, constitutional, and statutory rights and the rights of those similarly situated, and to recover actual, compensatory, liquidated, and punitive damages and any additional relief the Court may provide.

## II. PARTIES

5)      Plaintiffs Michael W. Hinson ("Mike") and Carol C. Hinson ("Carol") at all pertinent times were residents of Rankin County, Mississippi and are currently residents of Hinds County, Mississippi.

6)      Defendant Rankin County, Mississippi is a political subdivision of the State of Mississippi and is charged with the responsibility for all county agencies and other county

subdivisions under its domain, including the Rankin County Sheriff Department, the Rankin

County Justice Court system, and all officials, agents, clerks, elected officials, and any and all

other employees therein and can be served with process upon Larry Swales, Rankin County

Chancery Court, P.O. Box 700, Brandon, Mississippi 39042.

7)    Defendant Rankin County Sheriff Department is a county entity of Rankin

County, Mississippi charged with the enforcement of the laws of Rankin County, Mississippi, the

proper and legal execution of search warrants, the proper and legal seizure of evidence obtained

as a result of legal searches, the legal and proper execution of arrest warrants, and the

administration and maintenance of the Rankin County Detention Center, and may be served with

process upon Sheriff Ronnie Pennington at 221 North Timber Street, Brandon, MS 39042.

8)    The Rankin County Sheriff Department is responsible for the actions taken by

Sheriff Ronnie Pennington and the deputies and other members of the Rankin County Sheriff's

Department indicted as John Does 1- 20.

9)    Defendant Ronnie Pennington is sued individually and in his capacity as Sheriff

of Rankin County, Mississippi.  He is an elected official and employee of Rankin County,

Mississippi and is a resident of Rankin County, Mississippi and may be served at 221 North

Timber Street, Brandon, Mississippi 39042 or at 102 Spring Ridge Drive, Brandon, Mississippi

39042.

10)    Defendant Rankin County Justice Court System is a county entity of Rankin

County, Mississippi that, by and through the state action of its Judges, is charged with the

authorization and issuance of arrest warrants and search warrants, the determination of direct and

indirect contempt of court, timely and appropriate arraignment of persons incarcerated under its

jurisdiction, and determination and establishment of appropriate bonds for those persons incarcerated under its jurisdiction, and can be served with process upon Kristie Pyles, Court Clerk, at 117 North Timber Street, Brandon, Mississippi 39042.

11)    Rankin County Justice Court Judge John Shirley is an unindicted co-conspirator, who remains unindicted only as a result of absolute immunity from suit, and is the Justice Court Judge whose actions provided for the cause of action against the Rankin County, Mississippi Justice Court System.

12)    Defendant Barry Bean is sued individually and in his capacity as Constable of Rankin County, Mississippi.  He is a resident of Rankin County, Mississippi and may be served at 117 North Timber Street, Brandon, Mississippi 39042 or at 126 Tullos Cove, Brandon, Mississippi 39042.  He is a county elected official and employee of Rankin County, Mississippi and is charged with the proper and legal execution of search warrants issued in Rankin County, Mississippi, the proper and legal seizure of evidence obtained as a result of legal searches, and the legal and proper execution of arrest warrants.

13)    Defendants John Does 1 - 20 are employees, officials, deputies, staff, members, or officers of the Rankin County Sheriff Department whose identities will become known through the discovery process.

14)    At all material times, Defendants, jointly and/or  individually, acted under color of law and/or with state action violated and/or conspired to violate the Plaintiffs' statutory, civil, and/or Constitutional rights guaranteed by the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution.

15)    At all material times, Defendants, jointly and/or  individually, intentionally and/or

negligently committed tortuous acts toward the Plaintiffs jointly and/or toward either the Plaintiff

Michael W. Hinson or the Plaintiff Carol C. Hinson, deprived either the Plaintiffs jointly and/or a

Plaintiff of civil rights, and/or conspired to deprive either the Plaintiffs and/or a Plaintiff of civil

rights.

16)     The Plaintiffs have suffered, and continue to suffer, ongoing and irreparable harm

as a direct and proximate result of the conduct of the Defendants.  Said harm was reasonably

foreseeable.

17)     Plaintiffs have no adequate or speedy remedy at law to redress the deprivation of

their rights by the Defendants.

18)     Unless the conduct of the Defendants is enjoined and the Defendants

appropriately sanctioned for their conduct, the Plaintiffs and/or others similarly situated will

continue to suffer irreparable harm.

### III. FACTS

19)     Upon information and belief, Rankin County, Mississippi, Rankin County Justice

Court, Rankin County Sheriff Department, and Rankin County Detention Center, which is a

division of and is under the direction of the Rankin County Sheriff Department, receive federal

and state financial assistance.

20)     A Notice of Intent to Sue, as required pursuant to Mississippi Tort Claims Act as

codified at Section 11-46-1, et seq. of the Mississippi Code of 1972, as amended, was sent via

certified mail, return receipt requested, to Larry W. Swales, Rankin County Chancery Clerk, P.O.

Box 700, Brandon, Mississippi 39042 June 19, 2009.  See Exhibit "A" attached hereto and

incorporated herein.  Said notification tolled the statute of limitations for 90 days.

20)    Rankin County failed to respond to said Notice of Intent to Sue in any manner whatsoever, and failed to either admit or deny liability.

21)    Defendants Sheriff Ronnie Pennington, Constable Barry Bean, and John Does 1 - 20 are employees of Rankin County, Mississippi.

22)    Defendant Rankin County, Mississippi is a political subdivision of the State of Mississippi.

23)    Defendant Rankin County Sheriff Department is a county entity of Rankin County, Mississippi and political subdivision of the State of Mississippi.

24)    .Defendant Rankin Justice Court System is a county entity of Rankin County, Mississippi and political subdivision of the State of Mississippi.

25)    Defendant Rankin County Sheriff Department is responsible for the actions of Sheriff Ronnie Pennington, John Does 1 - 20, and all employees, officials, deputies, staff, members, and/or officers of the Rankin County Sheriff Department therein.

26)    Defendant Rankin County Justice Court System is responsible for the actions of its Judges, clerks, officials, and any and all other employees therein.

### IV. FACTUAL ALLEGATIONS

27)    On or about the 5th day of January, 2009 at approximately 3:30 p.m., Constable Barry Bean and multiple officers and/or deputies of the Rankin County Sheriff Department, bearing assault rifles, arrived at the home of the Plaintiffs, Mike W. Hinson ("Mike") and Carol C. Hinson ("Carol"). Said home was located at 276 County Line Road, Mendenhall, Mississippi 39114, in Rankin County, Mississippi. Said Constable, officers, and/or deputies arrived to execute a misdemeanor warrant for the arrest of Mike for disturbing the public peace signed by

neighbor of Mike and Carol, with whom they had an ongoing dispute, and a misdemeanor arrest warrant for indirect contempt of court that had been issued by Rankin County Justice Court Judge John Shirley without benefit of a hearing on the matter.  The neighbors who signed the misdemeanor warrant for disturbing the public peace have close family members who are officers and/or deputies with the Rankin County Sheriff Department, and/or are closely related to Constable Barry Bean.

Upon the arrival of the Constable, officers, and/or deputies at the home of Mike and Carol, Mike exited the home and voluntarily submitted, without resistance, to arrest in his front yard.  Mike was handcuffed and placed in the backseat of the car of Constable Barry Bean. Following the arrest of Mike, and **after** he was handcuffed and secured in the rear seat of the vehicle, the officers and/or deputies of the Rankin County Sheriff Department entered the home and executed a thorough and complete search of the entire home without a search warrant of any kind.  The officers and/or deputies even searched the underwear drawers of Carol.  When Carol objected to the search, the officers and/or deputies stated that they had "probable cause" for a search and that the order to search the home and to seize any and all weapons found in said home came directly from Sheriff Ronnie Pennington.  In fact, all guns belonging to Mike and/or Carol were seized by the deputies and/or officers of the Rankin County Sheriff Department.  Said weapons were held by the Rankin County Sheriff Department for months until they were ultimately returned to Carol on or about the 18th day of June, 2009.  A true and correct copy of the receipt for seizure of said weapons is attached hereto as Exhibit "B" and incorporated herein.

28)    After the arrest of Mike on the misdemeanor indirect contempt of court, which

was determined without any hearing on the matter, and the misdemeanor disturbance of the public peace warrant signed by Mike's neighbor, which alleged that Mike had disturbed the public peace while remaining on his own private property, Mike was transported to the Rankin County Detention Center and was detained there for eight days until he was allowed any access to the courts. A true and correct copy of the affidavit for arrest signed at the Rankin County Justice Court for misdemeanor disturbance of the public peace is attached hereto as Exhibit "C" and incorporated herein. A true and correct copy of the affidavit for arrest signed at the Rankin County Justice Court for misdemeanor simple assault is attached hereto as Exhibit "D" and incorporated herein. After eight days, Mike was finally allowed an arraignment, at which time his bail was set at $50,000.00, and Mike was told that he would serve thirty days for indirect contempt of court. Said finding of indirect contempt of court was made without a hearing or trial to determine guilt, and without affording Mike the opportunity to examine witnesses or introduce evidence in the matter. Mike ultimately served a total of eighteen days in the Rankin County Detention Center until such time as a bailbondsman arranged for Carol to pay extortion in the amount of $100.00 to an employee of the Rankin County Detention Center to secure Mike's "early" release from incarceration for a crime for which he had been "convicted" without a trial or hearing on the merits. Mike was never convicted of the underlying crime which formed the basis for the allegations of contempt of court.

29)    Subsequent to Mike's release from the Rankin County Detention Center, Mike and Carol were forced to sell their land and move from Rankin County, Mississippi to avoid further harassment, persecution, retaliation, and violations of their civil rights. As a result of this urgent need to flee Rankin County, Mississippi, Mike and Carol, were forced to sell at far below

market value and suffered financial damages.

30)    As a direct result of the Defendants' actions, both Mike and Carol have suffered severe psychological and/or psychiatric damages. Mike and Carol have both sought treatment from mental health professionals and physicians. Both have experienced physical harm as a result of the psychological stress resulting from the actions of the Defendants.

## V. COUNT ONE:

### VIOLATION OF THE PLAINTIFFS' FOURTH AMENDMENT RIGHTS

#### AGAINST ILLEGAL SEARCH AND SEIZURE

31)    Upon searching the home of Mike and Carol without a search warrant, the Rankin County Sheriff's Department and the officers, members, and or deputies of the Rankin County Sheriff's Department identified as John Does, and Constable Barry Bean did violate the Plaintiffs' Fourth Amendment right against illegal searches.

32)    Upon the seizure of the weapons found in the home of Mike and Carol during the illegal search of said home, the Rankin County Sheriff's Department and the officers, members, and or deputies of the Rankin County Sheriff's Department identified as John Does, and Constable Barry Bean did violate the Plaintiffs' Fourth Amendment right against illegal seizures. All weapons seized were held until on or about the 18th day of June, 2009.

## VI. COUNT TWO:

### VIOLATION OF THE PLAINTIFFS' FIFTH AND FOURTEENTH AMENDMENT

#### RIGHTS OF DUE PROCESS

33)    Mike's right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when Justice Court Judge John

Shirley, an unindicted co-conspirator and employee and/or agent of the Rankin County Justice Court System, convicted Mike of indirect contempt of court and sentenced him to serve time in the Rankin County Detention Center without benefit of a trial or hearing on the matter. Mike was further incarcerated and held in the Rankin County Detention Center after being "found guilty" of indirect contempt of court, without benefit of a trial, by Judge John Shirley.

34)    The Plaintiffs' right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when Carol was required to pay extortion money "under the table" to secure Mike's release from the Rankin County Detention Center.

35)    The Plaintiffs' right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated when they were forced to sell their home below market value and vacate the land that had been their home in order to avoid further harassment and violations of their civil rights by the Defendants herein.

## VII. COUNT THREE:

### VIOLATION OF THE PLAINTIFFS' SIXTH AMENDMENT RIGHTS TO CONFRONT WITNESSES, TO OBTAIN WITNESSES, AND TO HAVE THE ASSISTANCE OF COUNSEL FOR HIS DEFENSE

36)    The Plaintiffs' Sixth Amendment Rights to confront witnesses, to have compulsory process to obtain witnesses, and to have the assistance of counsel for his defense was violated when Justice Court Judge John Shirley, an unindicted co-conspirator and employee and/or agent of the Rankin County Justice Court System, convicted Mike of indirect contempt of court and sentenced him to serve time in the Rankin County Detention Center without benefit of a trial or hearing on the matter, without the opportunity to present witnesses or evidence, and

without the opportunity to obtain counsel.

## VII. COUNT FOUR:

### INTENTIONAL AND/OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

37)     The officers and/or deputies of the Rankin County Sheriff Department, bearing assault rifles, entered the home of the Plaintiffs and executed a thorough and complete search of the entire home without a search warrant of any kind. The officers and/or deputies even searched the underwear drawers of Carol over the objections of Carol and openly revealed her intimate and personal belongings. When Carol objected to the search, the officers and/or deputies stated that they had "probable cause" for a search and that the order to search the home and to seize any and all weapons found in said home came directly from Sheriff Ronnie Pennington. At all times pertinent, Mike was secured in the rear seat of the vehicle of Constable Barry Bean and wearing handcuffs.

38)     Subsequent to the illegal search, all weapons found in the home were illegally seized and confiscated by the officers and/or deputies and/or Constable Barry Bean and were taken from the home, leaving Carol alone in the home with no means of self defense in a rural area where Carol and/or Mike had previously been threatened by, shot at by, and physically assaulted by, the neighbors. Said weapons were held by Rankin County Sheriff Department for months following this illegal seizure.

39)     Mike was held in the Rankin County Detention Center for eighteen days after being "found guilty" of indirect contempt of court without a hearing, without legal counsel, and without the opportunity to call and confront witnesses.

40)     Carol was instructed to provide $100.00 "under the table" extortion money to

secure Mike's release from the Rankin County Detention Center. Only after Carol paid this money was Mike released.

41)     The aforementioned actions of the Defendants resulted in severe emotional distress, mental anguish, and physical manifestations of stress requiring treatment by physicians, psychiatrists, and other mental health professionals.

### IX. COUNT FOUR:  CIVIL CONSPIRACY

42)     The Defendants did conspire to violate the civil rights of the Plaintiffs, to cause intentional and/or negligent emotional distress, and to force the Plaintiffs to sell their home and flee Rankin County, Mississippi.

43)     The actions of the Defendants did cause permanent and irreparable harm to the Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, the Plaintiffs pray that this Court will:

A)     Grant a trial by jury;

B)     Award compensatory damages against each Defendant in excess of $10,000,000.00;

C)     Award punitive damages against each Defendant:

D)     Award Plaintiffs reasonable attorneys fees and all costs of this action;

E)     Enter a declaratory judgment declaring that the Defendants' actions, and the actions of the unindicted co-conspirator, Judge John Shirley, violated the Plaintiffs' Fourth, Fifth, Sixth, and Fourteenth Amendment Rights, and;

Page 12 of  13

F)    Any such other, further, or different relief to which they may be entitled.

Respectfully submitted this the 18th day of August, 2010,

BARBARA DIANNE HERMAN
Attorney for Plaintiffs


DIANNE HERMAN
MS BAR # 102893
RICHMOND, HERMAN, AND ASSOCIATES, PLLC
1016 ROBINSON AVENUE
OCEAN SPRINGS, MS 39564
228-875-8244- OFFICE
662-607-8576- CELLULAR
601-812-6240 FACSIMILE
*DianneRNJD@aol.com*